## CHERRY & WALKER vs. SUTTON.

S., residing in Florida, contracts to sell and deliver to C. & W., butchers in the city of Macon, Georgia, 600 head of beef cattle at a stipulated price—200 to be delivered the first of June, 200 the first of August, and 200 the first of November. The first two installments are delivered and a note given in part payment; the plaintiff fails or refuses to deliver the remaining 200 : *Held*, That in a suit by S. upon the note given for the cattle, C. & W. may reduce the recovery by the amount of damage they sustained on account of the plaintiff's failure to consummate the contract.

Complaint, in Bibb Superior Court. Tried before Judge WORRILL, at November Term, 1859.

This was an action brought by John A. Sutton, against plaintiffs in error, to recover the amount claimed to be due on a promissory note for the principal sum of $1,000 00.

To this action the defendants pleaded a failure of consideration, growing out of an alleged breach of a contract between the parties. (The terms of which will appear in the evidence.)

On the trial, after plaintiff had put said note in evidence and rested his case, defendant made the following proof:

James S. Dukes testified, that in the Spring of 1857, there was a contract made between plaintiff and defendants,

by which plaintiff was to deliver to them, in Macon, Georgia, six hundred head of good merchantable beef cattle at four cents per pound—200 head to be delivered the first of June, 200 on the first of August, and 200 on the first of November of that year; that on the first of June, 200 head were delivered and paid for; and some time in August or September, plaintiff brought 200 more, but defendants refused to receive them, on the ground that they were too poor for beef, and were not merchantable beef cattle. Defendants finally took the cattle and paid plaintiff some $1,500 00 in cash, and gave him the note in controversy upon the promise and agreement of plaintiff, that the deficiency in this lot, as to value, was to be made up in the next lot to be delivered in November, but plaintiff did not deliver any cattle in November or afterwards; that in August, beef was worth from $3\frac{1}{2}$ to 4 cents per pound, and in November from 5 to 6 cents; that defendants were injured by such failure to deliver said cattle in November, to an amount fully equal to the note; that many of the cattle delivered in August were so poor that nothing could be done with them, and were an entire loss; that about the 1st of November of that year, the plaintiff came to defendants and said the balance of the cattle were on the way from Florida, where plaintiff resided, and would be there in a few days, and asked defendants to pay the note, which was not done, nor did the cattle ever come.

William Holmes testified, in substance, the same as above.

Stephen Collins testified, that in September, 1857, he looked at about 100 head of cattle in defendants' field, who offered to sell them to witness, who was then purchasing cattle to fatten for beef. Witness declined to make the purchase, as they were too poor for that purpose; did not consider them worth anything; that good cattle in August would bring 12 cents, in November would bring 18 cents.

The defendants having closed, asked the Court to charge the jury, that if they believed the contract, as testified to by Dukes and Holmes, had been sufficiently proved, that plaintiff had failed to deliver cattle in November as stipulated for in said contract, and defendants had been damaged thereby, by reason of cattle being at that time worth more than the price stipulated, then to the extent of the damage so proved, a deduction should be made by the jury from the

Cherry & Walker *vs.* Sutton.

amount of plaintiff's claim; which charge the Court refused to give, but charged that said facts, if proved, was no defense to plaintiff's claim in whole or in part, but defendant's redress, in such case, would be an action against plaintiff for breach of the contract.

Defendants further asked the Court to charge, that if it was proven that the delivery of 600 head of beef cattle was one entire contract, and the note given in part performance thereof by defendants, and plaintiff afterwards failed to complete said contract, the plaintiff could not recover. Which charge the Court also refused to give. To which charge and refusal to charge, counsel for defendants excepted.

HILL, for plaintiff in error.

LANIER & ANDERSON, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Were the defendants entitled to the first charge requested by their counsel?

The contract in this case, was an entirety; and if the plaintiff failed to deliver the third lot of cattle as he agreed to do, and the defendants were damaged thereby, they are entitled to have the amount due the plaintiff, to be reduced to the extent of the injury they received; and they will not be driven to a cross-action—especially against a non-resident party.

This principle has been several times decided by this Court, and this case is fully covered by *Mell vs. Mooney,* recently adjudicated at Savannah.